NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0302n.06
Filed: May 2, 2006

No. 05-1393

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| B. MITCHELL WHITE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v. | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE EASTERN DISTRICT OF** |
| UPS AUTOGISTICS, INC., | ) | **MICHIGAN** |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: GIBBONS and COOK, Circuit Judges; and SCHWARZER, Senior District Judge.[*]

**PER CURIAM**. Plaintiff-appellant B. Mitchell White sued defendant UPS Autogistics, a subsidiary of United Parcel Service, alleging that Autogistics demoted him due to his age and retaliated against him after his demotion in violation of Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101. White claims that his superior, John Wutschel, told him that he was "blocking the slot" of two younger employees, a statement that he alleges is indicative of age discrimination. White alleges that his later investigation and demotion were driven by this discriminatory animus.

The district court granted UPS Autogistics's motion for summary judgment, holding that

---

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

White made no showing that his demotion was causally connected to Wutschel's comment and could not make out a prima facie case of discrimination because he put forth no evidence that a similarly-situated individual had been treated differently. As to retaliation, the court held that White failed to show a causal link between the alleged age discrimination and his demotion, and failed to show that he was subject to an adverse employment action after his demotion. White filed a motion for reconsideration, which the district court denied. White now appeals both the order granting summary judgment and the order denying reconsideration.

After reviewing the record, the parties' briefs and the applicable law, we determine that a panel opinion further addressing the issues raised would serve no jurisprudential purpose. Therefore, on the grounds identified by the district court, we affirm both the district court's February 24, 2005, grant of summary judgment for UPS Autogistics and its March 15, 2005, denial of reconsideration.

**AFFIRMED.**